UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| NONCHALANT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| NONCHALANT THE LABEL LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Nonchalant, LLC (hereinafter "Plaintiff"), in support of its claims against Defendant Nonchalant The Label LLC (hereinafter "Defendant"), alleges the following:

### PARTIES

1. Plaintiff Nonchalant, LLC, is a Tennessee limited liability company having a principal place of business located at 4817 Kingston Pike, Knoxville, TN 37919-5110.

2. On information and belief, Defendant Nonchalant The Label LLC is a Florida limited liability company with a principal address of 1891 Purdy Ave, Miami Beach, Florida 33139. On information and belief, Cheryl Herger is registered agent for Nonchalant The Label LLC.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement arising under 15 U.S.C. § 1114 and at common law, for unfair competition arising under 15 U.S.C. § 1125(a) and at common law, and for violation of the Tennessee Consumer Protection Act arising under Tenn. Code Ann. § 47-18-101, *et seq.*

1

4. This Court has subject matter jurisdiction over Plaintiff's claims for trademark infringement and unfair competition, pursuant to 28 U.S.C. § 1331, 1332, and 1338, and 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Tennessee pursuant to 28 U.S.C. § 1367(a). On information and belief, these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. On information and belief, Defendant has sold products and/or offered products for sale within this judicial district. Accordingly, this Court has personal jurisdiction over the Defendant.

7. Venue is proper in this judicial district pursuant to 28 USC § 1391(b).

## STATEMENT OF FACTS

8. Plaintiff is, and at all relevant times has been, engaged in the business of marketing and selling clothing and other apparel under its "NONCHALANT" trademark.

9. Since at least as early as 2013, Plaintiff has marketed and sold its clothing and apparel items in interstate commerce using the trademark "NONCHALANT."

10. Plaintiff filed articles of organization for Nonchalant, LLC with the Tennessee Secretary of State in 2013. A copy of the filing information for Nonchalant, LLC from the website of the Tennessee Secretary of State is attached as **Exhibit A**.

11. Plaintiff is the owner of United States Trademark Registration No. 5,888,345 for the word mark "NONCHALANT" for use in connection with "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms" in International Class 25. A copy of Plaintiff's federal trademark registration is attached hereto as **Exhibit B**.

12. By virtue of Plaintiff's continuous and exclusive use of its "NONCHALANT" mark in interstate commerce in connection with its products, Plaintiff has developed common law trademark rights in its "NONCHALANT" mark.

13. Plaintiff has expended substantial sums in promoting its goods and services under its "NONCHALANT" trademark and has built up substantial goodwill in said mark. As a result of the extensive and substantial advertising and sales of products and services under its "NONCHALANT" trademark, and the maintenance of the highest quality standards relating thereto, the "NONCHALANT" trademark has become well known to the public as a distinctive indication of the source and origin of Plaintiff's products, and is lawfully entitled to a broad ambit of protection against infringing uses. Accordingly, Plaintiff's "NONCHALANT" trademark, and associated goodwill, are of substantial value to Plaintiff.

14. On information and belief, Defendant Nonchalant The Label LLC is a Florida limited liability company with a principal place of business in Miami Beach, Florida. On information and belief, the managing members of Defendant Nonchalant The Label LLC include Cheryl Herger of Miami Beach, Florida; Anna Deskins of Miami Beach, Florida; and Christopher Frye of Los Angeles, California.

15. On information and belief, Defendant is engaged in the business of manufacturing, marketing, and/or selling clothing and other apparel products.

16. On information and belief, Defendant is engaged in the business of manufacturing, marketing, and/or selling clothing and other apparel products which are confusingly similar to Plaintiff's products.

17. On information and belief, on or about July 5, 2018, Defendant filed Articles of Organization with the Florida Secretary of State for a limited liability company bearing the name

"NONCHALANT THE LABEL LLC." A copy of the Articles of Organization is attached as **Exhibit C**.

18. On information and belief, Defendant registered the domain name nonchalantlabel.com and operates a website at nonchalantlabel.com. On information and belief, Defendant advertises and sells at least some of its products through said website, including products confusingly similar to Plaintiff's products. Representative sample screenshots of Defendant's website are attached as **Exhibit D**. On information and belief, said website was at all relevant times accessible to consumers and the general public from the State of Tennessee and from this judicial district.



*Figure 1*

19. On information and belief, Defendant created a Facebook page on or about November 2018 titled "Nonchalant The Label," on which Defendant advertised at least some of its products and included links redirecting visitors to Defendant's retail website. A representative sample screenshot of Defendant's Facebook page is attached as **Exhibit E**. Defendant's Facebook page included word marks and design marks confusingly similar to Plaintiff's registered mark, including a "NØN chalant THE LABEL" design mark reproduced above as Figure 1.

4

20. Defendant did not seek or obtain permission or license from Plaintiff before registering the business name "NONCHALANT THE LABEL LLC" or engaging in any of the other activities recited above.

21. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "NONCHALANT" mark, and/or similar variations thereof, in connection with the sale of clothing and apparel products that are confusingly similar to Plaintiff's products, in similar channels of trade, is likely to cause confusion among consumers and the general public as to the origin of the clothing and apparel products offered by Defendant.

22. Such conduct by the Defendant has irreparably harmed Plaintiff and continues to irreparably harm Plaintiff. Defendant's actions dilute the distinctive quality and source-identifying functionality of Plaintiff's "NONCHALANT" mark.

## COUNT I

## TRADEMARK INFRINGEMENT

23. The allegations of paragraphs 1 through 22 above are restated and incorporated herein by reference.

24. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "NONCHALANT" mark, in connection with the sale of products which are confusingly similar to Plaintiff's products, is likely to cause confusion of consumers, purchasers, and the general public, to cause mistake, and to deceive the purchasing public and others. These acts constitute trademark infringement of Plaintiff's United States Trademark Registration No. 5,888,345 for the word mark "NONCHALANT," in violation of 15 U.S.C. § 1114.

25. Defendant's acts of unauthorized use of marks which are confusingly similar to Plaintiff's "NONCHALANT" mark, in connection with the sale of products which are

confusingly similar to Plaintiff's products, further constitute common law trademark infringement of Plaintiff's "NONCHALANT" mark.

26. By correspondence dated March 1, 2021, Plaintiff placed Defendant on notice of Plaintiff's federal trademark registration and Plaintiff's superior rights in its "NONCHALANT" mark. Notwithstanding Defendant's knowledge of Plaintiff's federal trademark registration and Plaintiff's superior rights in its "NONCHALANT" mark, Defendant has continued its unauthorized use of Plaintiff's mark and/or confusingly similar variations on Plaintiff's mark, in connection with the sale of products which are confusingly similar to Plaintiff's products. Accordingly, Defendant has willfully and intentionally infringed Plaintiff's trademark and is willfully and intentionally continuing its infringement of Plaintiff's trademark, causing irreparable damage to Plaintiff.

27. Moreover, Defendant's acts of federal and common law trademark infringement were committed with intent to cause confusion and mistake, to deceive, and to trade on the goodwill that Plaintiff has, through great labor and expense, built up in its "NONCHALANT" mark.

28. Defendant knew or should have known that its continued unauthorized use of Plaintiff's mark and/or confusingly similar variations on said mark, in connection with the sale of products which are confusingly similar to Plaintiff's products, constitutes infringement of Plaintiff's trademark rights. Notwithstanding such actual knowledge and/or constructive knowledge, on information and belief, Defendant continues to infringe Plaintiff's trademark rights.

29. Defendant's acts of trademark infringement have irreparably harmed Plaintiff. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof

evidences intent on the part of Defendant to continue to perform the acts complained of herein unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts. Accordingly, Plaintiff's remedies at law are not adequate to compensate it for the injuries threatened.

## COUNT II

## UNFAIR COMPETITION

30. The allegations of paragraphs 1 through 29 above are restated and incorporated herein by reference.

31. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "NONCHALANT" mark, in connection with the sale of products which are confusingly similar to Plaintiff's products, constitutes a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive potential customers and the public as to an affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, endorsement, or approval of Defendant's goods and service by Plaintiff. These acts are in violation of 15 U.S.C. §1125(a), in that Defendant has used in connection with its goods and services a false designation of origin and a false or misleading description and representation of fact which is likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods, services, and commercial activities by Plaintiff. Such acts by Defendant also constitute acts of common law unfair competition.

32. Defendant's acts of federal and common law unfair competition were committed with intent to cause confusion and mistake and to deceive the public.

33. Defendant's acts of federal and common law unfair competition have damaged Plaintiff and continue to damage Plaintiff.

34. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof evidences intent on the part of Defendant to continue to perform the acts complained of herein unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts. Accordingly, Plaintiff's remedies at law are not adequate to compensate it for the injuries threatened.

## COUNT III

### VIOLATION OF THE TENNESSEE CONSUMAR PROTECTION ACT

35. The allegations of paragraphs 1 through 34 above are restated and incorporated herein by reference.

36. Defendant's unauthorized use of marks which are confusingly similar to Plaintiff's "NONCHALANT" mark, in connection with the sale of products which are confusingly similar to Plaintiff's products, and other acts complained of and alleged above, constitute unfair and/or deceptive acts or practices pursuant to Tenn. Code Ann. § 47-18-101 *et seq*. The acts and conduct of Defendant as alleged above violate at least subsections (1), (2), (3), (5), and (27) of Tenn. Code Ann. § 47-18-104(b).

37. Defendant's unfair and/or deceptive acts and conduct have damaged Plaintiff and continue to damage Plaintiff.

38. Further, Defendant's failure to cease its wrongful activities after receiving notice thereof evidences willful and/or knowing intent on the part of Defendant to continue to perform the acts complained of herein unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts.

Accordingly, Plaintiff's remedies at law are not adequate to compensate it for the injuries threatened.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. That the Defendant and all of the Defendant's agents, servants, employees, officers, attorneys, successors, and assigns, and all other persons in active concert or participation with them and/or controlled by them, be temporarily, preliminarily, and permanently enjoined from further using Plaintiff's trademarks, including without limitation Plaintiff's federally registered "NONCHALANT" trademark, any colorable imitations thereof, and/or any trademarks, service marks, trade names, business names, and/or domain names confusingly similar thereto; from otherwise offering products for sale in a manner intended or likely to mislead consumers and the public as to any relationship between Defendant and Plaintiff, from misrepresenting Defendant's affiliation with Plaintiff; and from otherwise unfairly competing with Plaintiff and/or infringing Plaintiff's trademarks.

B. That Defendant be directed to transfer to Plaintiff (at no cost to Plaintiff) all domain names that contain or consist of Plaintiff's mark, including but not limited to nonchalantlabel.com, www.facebook.com/nonchalantlabel/, and info@nonchalant.com.

C. That Defendant be ordered to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include Plaintiff's mark, or to amend those registrations to names that do not include Plaintiff's mark, and to remove any references to any business registrations, including corporate names and dba filings, that include Plaintiff's marks.

D. That Defendant each be directed, in accordance with 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff, within thirty (30) days after entry of any injunction, a written report under oath describing in detail the manner and form in which Defendant has complied with the injunction.

E. That Defendant be required to provide an accounting to Plaintiff of any and all profits made or derived by Defendant from the sale of any goods and/or services by the Defendant that constitute infringement of Plaintiff's trademark rights, or otherwise as a result of Defendant's unlawful conduct.

F. That Plaintiff be awarded its damages, including, but not limited to, corrective advertising damages for Defendant's trademark infringement and unfair competition, as well as the profits derived by Defendant pursuant to 15 U.S.C. § 1117 and the common law of Tennessee, in an amount to be proven at trial.

G. That Plaintiff be awarded increased and/or treble damages pursuant to 15 U.S.C. § 1117 and Tenn. Code Ann. § 47-18-109(a)(3) in view of Defendant's willful, knowing, and intentional conduct.

H. That Plaintiff be awarded pre- judgment and post-judgment interest.

I. That the Court find this to be an exceptional case and award Plaintiff its reasonable attorney's fees and costs of this action under 15 U.S.C. § 1117 and/or Tenn. Code Ann. § 47-18-109(e)(1).

J. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Nonchalant, LLC**

*/s/ Paul A. Forsyth*
Paul A. Forsyth (Tenn. BOPR No. 26307)
pforsyth@pittslake.com
Robert E. Pitts (Tenn. BOPR No. 01610)
rpitts@pittslake.com
Andrew C. Lake (Tenn. BOPR No. 29952)
alake@pittslake.com
Raymond E. Stephens (Tenn. BOPR No. 15037)
rstephens@pittslake.com

*__Attorneys for Plaintiff__*

11